**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Janice Polsinelle, | : Civil Action No.: 1:10-CV-1323 |
| Plaintiff, | : (TJM/RFT) |
| v. | : |
| | : |
| Cavalry Portfolio Services, LLC; and | : **COMPLAINT** |
| DOES 1-10, inclusive, | : |
| | : |
| Defendant. | : |

For this Complaint, the Plaintiff, Janice Polsinelle, by undersigned counsel, states as follows:

## JURISDICTION

1.    This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.    Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.    The Plaintiff, Janice Polsinelle ("Plaintiff"), is an adult individual residing in Green Island, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.    Defendant Cavalry Portfolio Services, LLC ("Cavalry"), is a New York business

entity with an address of 7 Skyline Drive, Hawthorne, New York 10532, operating as a

collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Cavalry and

whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be

joined as parties once their identities are disclosed through discovery.

7.      Cavalry at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.  The Debt**

8.      The Plaintiff incurred a financial obligation (the "Debt") to a creditor (the

"Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for

family, personal or household purposes and which meets the definition of a "debt" under

15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Cavalry for collection, or

Cavalry was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in

"communications" as defined in 15 U.S.C. § 1692a(2).

**B.  Cavalry Engages in Harassment and Abusive Tactics**

## FACTS

12.     Defendants called Plaintiff's residential and cellular phone lines up to six (6)

times a day in an attempt to collect the debt with the intent to annoy and harass.

13.     Defendants repeatedly called Plaintiff's place of employment in an attempt to

2

collect the debt.

14.    Defendants left voice messages on Plaintiff's residential phone line and disclosed that the Plaintiff owed debt, which caused animosity between Plaintiff and her husband.

15.    Defendants threatened to file a lawsuit against Plaintiff if she did not pay the Debt. No such lawsuit has been filed to date.

16.    Defendants threatened to put a lien on plaintiff's property if she did not pay the Debt.

**C.  Plaintiff Suffered Actual Damages**

17.    The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18.    As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

19.    The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.***

20.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.    The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

3

22.     The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

23.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

24.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications.

25.     The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

26.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

27.     The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with attachment of his property if the Debt was not paid.

28.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

29.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

32.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

33.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of New York.

34.     All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

**COUNT III**
**VIOLATIONS OF NEW YORK GBL § 349**
**ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS**

35.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

36.     The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

37.     The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL§ 349.

38.     The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

39.     By virtue of the foregoing, the Plaintiff is entitled to recover actual damages,

trebled, together with reasonable attorneys' fees.

## COUNT IV
## COMMON LAW FRAUD

40.     The Plaintiff incorporates by reference all of the above paragraphs of this
Complaint as though fully stated herein.

41.     The acts, practices and conduct engaged in by the Defendants and complained of
herein constitute fraud under the Common Law of the State of New York.

42.     The Plaintiff has suffered and continues to suffer actual damages as a result of the
foregoing acts and practices, including damages associated with, among other things,
humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the
Defendants. All acts of the Defendants and the Collectors complained of herein were committed
with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to
punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the
Plaintiff's favor and against the Defendants as follows:

1.     Against the named the Defendants, jointly and severally, awarding the Plaintiff
actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2.     Against each of the named the Defendants, awarding the Plaintiff statutory
damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3.     Against the named the Defendants, jointly and severally, awarding the Plaintiff
actual damages, trebled, pursuant to NY GBL § 349;

4.     Against the named the Defendants, jointly and severally, awarding the Plaintiff

6

recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.

§ 1692k(a)(3);

     5.  Against the named the Defendants, jointly and severally, awarding the Plaintiff

punitive damages in such amount as is found appropriate; and

     6.  Granting the Plaintiff such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: November 2, 2010

                              Respectfully submitted,

                              By /s/ Sergei Lemberg

                              Sergei Lemberg (SL 6331)
                              LEMBERG & ASSOCIATES L.L.C.
                              1100 Summer Street, 3rd Floor
                              Stamford, CT 06905
                              Telephone: (203) 653-2250
                              Facsimile:  (877) 795-3666
                              Attorneys for Plaintiff